**ZWEIFEL, TUOHY & CRAGER et al. v. TRANS-STATE OIL CO.**

No. 8914.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1938.

Seymour Lieberman, of Houston, Tex., and Henry Zweifel, of Fort Worth, Tex., for appellants.

L. Sanford Schwing and Charles Reinhard, both of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellants are attorneys who represented the debtor, the Trans-State Oil Company, in reorganization proceedings under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. By this appeal, they seek reversal of an order which denied them any fee for their services payable out of the assets of the debtor's estate. The opinion of the District Court is reported in Re Trans-State Oil Co., 24 F.Supp. 454, to which reference is made for a further statement of the facts.

The court found that the appellants had performed services to the estate of the reasonable value of between three thousand and five thousand dollars, but that, since the debtor had agreed to pay them ten thousand dollars after the estate should be closed, which was more than the value of their services, it was the duty of the court to decline to make any allowance whatever out of the estate, leaving the attorneys free to pursue the matter otherwise as they saw fit.

The agreement referred to was in the form of a written memorandum, signed for the debtor by its president, and provided that, in consideration of work done in reorganizing the company, the latter agreed to pay said attorneys, besides the money allowed by the court (which would be paid before the creditors were paid), an additional sum of ten thousand dollars, payable after payment of the creditors as set out in the plan.

 We concur with the court below that such agreement was not binding on it in this proceeding, and that it had no jurisdiction to determine its validity as an obligation of the debtor; but we think the court erred in declining to allow any compensation to appellants payable out of the assets of the estate. There was no intention on the part of the debtor or its attorneys that the agreed amount of ten thousand dollars should be in lieu of any such allowance by the court. The memorandum expressly provides that this shall be an additional sum, "besides the money allowed by the court, which will be paid before the creditors are paid."

The recent act of Congress (28 U.S.C.A. § 572a) which prohibits certain agreements fixing fees in reorganization proceedings provides, in case of violation, for the imposition of severe penalties by fine or imprisonment, or both; but it does not undertake to forfeit a reasonable compensation, actually earned, for the services.

The court below neither approved nor disapproved the agreement for additional compensation, but assumed that it was binding on the debtor. We also withhold approval or disapproval, as beyond our jurisdiction on this appeal, but we do not find it necessary to assume that the agreement is binding on the debtor. As there was no waiver of compensation out of the assets of the estate, and the payment of the ten thousand dollars is to some extent contingent, we think a reasonable fee should be allowed appellants, expressly withholding any decision as to the effect of the agreement, other than that it does not preclude such reasonable allowance at this time out of the assets of the estate.

The order of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.